Wallace Jones
37560 Sierra Highway 835
Palmdale, California 93550

FILED
2014 DEC 29 PM 2:05
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ___

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CALIFORNIA

Wallace Jones

    Plaintiff,

V.

The Best Service Company

    Defendant.

Case No.: CV14-9872 FMO AST

**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS**

"TRIAL BY JURY DEMANDED"

## COMPLAINT

COMES NOW the Plaintiff, Wallace Jones.

Plaintiff respectfully submits his Claim and Statement Upon Which Relief Can Be Granted.

### Statement

The Defendant is a 3rd party debt collector, as such is governed under the law by The Fair Debt Collection Practices Act 15 USC Section §1601, *et seq.* and also reports these debts to the national credit reporting agencies i.e. Trans Union, Equifax, Experian and Innovis. As such the Defendant is also governed under the law by The Fair Credit Reporting Act 15 USC Section § 1681, et seq. The State of California abides by and adheres to these laws. Thus establishing the jurisdiction of this honorable court. Specifically section 813 (15 USC 1692k) of the FDCA and 618 (15 USC 1681p) of the FCRA.

On or about April, 2009 the Defendant entered into the Plaintiffs Experian Credit Report claiming an alleged debt was owed to them in the amount of $1,254.00. Plaintiff contacted the Defendant on November 20, 2014 via United States Post Office, Certificate of Mailing PS Form 3817, with a letter of validation asking the Defendant to provide proof of this alleged debt. To date the Defendant has not responded to the Plaintiffs request for proof/validation. The Defendant has entered derogatory information into the Plaintiff's Credit report and has continually updated this information by adding unauthorized interest and late charges through today's date. The Plaintiff has verified with Experian on or about August 15, 2014 that they have confirmed that The Best Service Company has verified to them that the information is correct. The Debt Collection Practices Act states a debt collector must cease collection of a debt it they are asked to provide validation and must provide that validation or <u>cease collection activity.</u> The Defendant has not ceased collection activity by entering into Plaintiffs credit report on the following dates, April 2009 - December 2009, January 2010 - December 2010, January 2011 - December, 2011, January 2012 - December 2012, January 2013 - December 2013, January 2014- November 2014, and has violated the LAW under Fair Debt Collection Practices Act 15 USC Section 1601, et seq and The Fair Credit Reporting Act 15 USC 1681, et seq by updating and knowingly reporting erroneous and damaging information to the Credit Reporting Agency Experian, damaging the Plaintiffs Credit Standing, Reputation and the Plaintiffs Credit Report. Recourse is demanded through the LAW as outlined in Fair Debt Collection Practices Act 15 USC 1601, et seq and Fair Credit Reporting Act 15 USC 1681, et seq.

The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendant.

Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendant in an attempt to collect and credit reporting of the alleged debt, violated the civil

...

rights of the Plaintiff and the law as outlined in the Debt Collection Practices Act, 15 USC §1601, *et seq.* and the Fair Credit Reporting Act 15 USC §1681, *et seq.*

The Plaintiff requested a copy of his Credit Report from Experian in August 15, 2014. Upon inspection of the said report the Plaintiff observed that The Best Service Company was listed on the Plaintiffs Experian credit report. Indicating a collection debt due to The Best Service Company, The Best Service Company, has never contacted the Plaintiff at anytime prior to today's date with any allegations of any alleged debt. Plaintiff has not now or ever had any business affiliation or relationship with The Best Service Company, has never applied for any type of mortgage, loan, credit card or insurance or employment reason with Defendant. Plaintiff contacted the Defendant by United States Post Office, Certificate of Mailing on November 20, 2014 and as of this date no reply was received from the Defendant. Plaintiff has requested confirmation/disputed this alleged debt with Experian on several occasions and Experian has confirmed that they are reporting it correctly as advised to Experian by The Best Service Company. Defendant has failed to provide proof/validation of the debt and failed to contact the Plaintiff within (5) five days of the Plaintiffs request for validation as outlined in the DCPA/FCRA the law requires informing the Plaintiff of his rights under the law and that an investigation is being performed. If the Defendant does not respond to this request, as is his right, the Defendant must CEASE all collection activity. <u>The Defendant has clearly not done this</u>. The Defendant must also inform notice of dispute to the Major Credit Reporting agencies that the alleged debt is in dispute, which the Defendant has not done. The Defendant has continued collection activities by updating the Plaintiffs credit report prior to validating the alleged debt, has added unauthorized charges and fees to the alleged account and is visible in the Plaintiffs credit report on the alleged amount owed prior

to validation proof of the alleged debt. The defendant has violated the law under the Debt Collection Practices Act, 15 USC 1601, et seq; and the Fair Credit Reporting Act 15 USC 1681, et seq. Plaintiff invokes his right to this action under the following sections of the FCRA Fair Credit Reporting Act, 617. Civil liability for negligent noncompliance (15 USC 1681o) and under the DCPA 813. Civil liability (15 USC 1692k).

As follows:

**Count I under the Fair Debt Collection Practices Act**

**Failure to Validate the Debt, Failure to Notify the Plaintiff of his rights after initial contact with the Defendant. Defendant has failed to provide the following information once contacted by the Plaintiff and by forwarding the alleged information to the Credit Reporting Agencies has violated this section of the DCPA.**

§ 809. Validation of debts (15 USC 1692)

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, <u>the debt collector shall cease collection of the</u>

debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

**Count II through VI under the DCPA**

Continued collection activity prior to providing validation of the alleged debt to the Plaintiff.

**§ 809. Validation of debts 15 USC 1692g(b)**

b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, <u>the debt collector shall cease collection of the debt,</u> or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

**The Defendant has updated on a monthly bases to the Credit Reporting Agencies prior to providing Validation of the alleged to the Plaintiff one count for each of the following months, April 2009-December 2009, January 2010-December 2010, January 2011-December 2011, January 2012-December 2012, January 2013-December 2013 and January 2014-November 2014 through today.**

**Count VII Through XI under the DCPA**

Adding unauthorized costs § 808. Unfair practices (15 USC 1692f) Continued collection activity prior to providing validation of the alleged debt to the Plaintiff by adding/reporting

5

COMPLAINT

unauthorized costs and fees to the Plaintiffs Credit report through the National Credit Reporting Agencies every month for sixty-eight months, total of six counts for each month the alleged debt/account had unauthorized costs and interest updated. Original amount claimed in April 2009, $1254.00 to amount claimed as of today 1,759.00.

Adding additional unauthorized interest and fees to the Credit Report prior to validation of the alleged debt to the Plaintiff by updating to the National Credit Reporting Agencies, April 2009-December, January 2010 - November 2014.

### § 808 Unfair practices 15 USC 1692f

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is violation of this section:

(1) <u>The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.</u>

**The defendant has not produced any document contract or agreement authorizing these charges to the Plaintiff.**

Plaintiff re-alleges the allegations set forth in paragraph 1 through 19 hereinabove.

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### Count XII through XVI
According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies (15 USC 1681s-2):

(a) Duty of furnishers of information to provide accurate information
(1) Prohibition
(A) Reporting information with actual knowledge of errors
A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

6

COMPLAINT

April 2009-December 2009, January 2010-November 2014, through today. Six counts the defendant has furnished inaccurate information to the Credit Reporting Agencies

**Count XVII through XX1**
  (B) Reporting information after notice and confirmation of errors
A person shall not furnish information relating to a consumer to any consumer reporting agency if.
**(i)** <u>the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate;</u> and
(ii) **the information is, in fact, inaccurate.**
**(2) Duty to correct and update information**
A person who—
**(A)** regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and
**(B)** has furnished to a consumer reporting agency information that the person determines is not complete or accurate,
shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

April 2009-December 2009, January 2010-November 2014, through today. Six counts Plaintiff notified the Defendant on November 20, 2014 that the alleged debt is in dispute and has informed Defendant of same. Defendant has updated/reported to the Credit Reporting Agencies every month as indicated prior to providing proof of their claim to alleged debt.

**Counts XX11 through XVI**

**(3) Duty to provide notice of dispute**
If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.
**(b) Duties of furnishers of information upon notice of dispute**
**(1) In general**
After receiving notice pursuant to section 1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
    **(A)** conduct an investigation with respect to the disputed information;

**(B)** review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;
**(C)** report the results of the investigation to the consumer reporting agency;
**(D)** if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

**(2) Deadline.**

A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i (a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.

**April 2009-December 2009, January 2010-November 2014 through today. Six counts Plaintiff has notified on November 20, 2014 that the alleged debt is in dispute and has informed Defendant of same.**

**The information from The Best Service Company on the Experian credit report of Plaintiff does not reflect that the information is disputed by the consumer.**

Plaintiff invokes his right to bring this action under the following sections of the FCRA. According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance **(15 USC 1681n),** (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure of damages of not less than $100 and not more than $1,000, (2) such amount of punitive damages as the court may allow: and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. Plaintiff has a negative Experian credit score as of this date and has been denied credit at reasonable rates because of the willful noncompliance actions and/or inaction's of the defendant. The defendant has injured the Plaintiffs credit rating, report and credit worthiness and reputation. According to the Fair Credit Reporting Act, 617. Civil liability for negligent noncompliance **(15 USC 1681o)**

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of.

(1) any actual damages sustained by the consumer as a result of the failure;

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

Plaintiff re-alleges the allegations set forth in paragraphs 1 through 6 hereinabove.

Plaintiff has a negative Experian credit score as of this date and has been denied credit at reasonable rates because of the negligent noncompliance actions and/or inaction of the defendants.

**THEREFORE,** Plaintiff request judgment against Defendant for all counts of $1,000 per count plus costs and fees and punitive damages as allowed by the Court.

**WHEREFORE,** the Defendant has violated the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, Plaintiffs demands judgment in the amount of $69,000.00 for all combined counts plus all costs of this action along with punitive damages in the amount of $125,000.00.

Respectfully submitted the 29th day of December 2014.

_____
Wallace Jones
37560 Sierra Highway 835
Palmdale, California 93550

9
COMPLAINT

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

wallace jones

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

the best service company

**(b) County of Residence of First Listed Plaintiff** los angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** los angeles
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

37560 sierra highway 835
plamdale, california 93550

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ 185,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 usc 1692g et seq, 15 usc 1681 et seq

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

CV14-9872

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court?<br>☐ Yes ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br>☐ Yes ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Southern Division.<br>Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division.<br>Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division.<br>Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br>☐ Yes ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Southern Division.<br>Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division.<br>Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division.<br>Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A?<br>☐ Yes ☒ No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | D.2. Is there at least one answer in Column B?<br>☐ Yes ☒ No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?** ☒ NO ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?** ☒ NO ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** /s/ wallace jones          DATE: 29 december 2014

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |